UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO KONNECT, LLC,

                                Case No. 18-14019

            Plaintiff,                Hon. Gershwin A. Drain

vs.

BMW OF NORTH AMERICA, LLC, *et al.*,

            Defendants.

**PRETRIAL ORDER RESOLVING OUTSTANDING DISPUTES, GRANTING DEFENDANT'S MOTION TO BIFURCATE TRIAL PURSUANT TO FED. R. CIV. P. 42 [#176], DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE SEXUAL HARASSMENT ALLEGATIONS AS IMPEACHMENT EVIDENCE [#178] AND DENYING JOINT MOTION TO OBTAIN A COURT REPORTER WITH A REALTIME CERTIFICATION FOR TRIAL [#193]**

## I.  INTRODUCTION

Presently before the Court are the parties' disputes raised in their proposed Joint Final Pretrial Order.  At the final pretrial conference, the Court ordered the parties to submit additional briefing on their outstanding disputes. The parties have submitted their briefing. *See* ECF Nos. 179-180.  Also before the Court is the Defendant's Motion to Bifurcate Trial on Equitable and Legal Claims, the Plaintiff's Motion to Preclude Defendant from Raising Sexual Harassment Allegations Against Patrick Culpillari as Impeachment Evidence and the parties' Joint Motion to Obtain a Court

Reporter with a Realtime Certification for Trial.

A hearing on these matters was held on May 27, 2022.  Upon consideration of the parties' written submissions, the Court will grant Defendant's Motion to Bifurcate, deny without prejudice Plaintiff's Motion to Preclude Raising Sexual Harassment Allegations as Impeachment Evidence and deny the Joint Motion to Obtain a Court Reporter with a Realtime Certification.  The Court resolves the issues raised by the parties in their proposed Joint Final Pretrial Order below.

## II.    LAW & ANALYSIS

### A.  PROPOSED JOINT FINAL PRETRIAL ORDER

#### 1.  <u>Page No(s) 9, 16 and 26; footnotes 1, 4 and 9</u>

Plaintiff objects to BMW's assertion that the parties' SPAs limited damages to replacement costs, therefore Auto Konnect's damages are zero because Plaintiff never replaced its field force.  Based on the Court's prior decisions on summary judgment and defendant's Motion *in Limine* to exclude evidence of lost profits, it does appear that Defendant is attempting to present an argument to the jury that is contrary to the Court's prior decisions.  Defendant may argue to the jury that Plaintiff's lost profits were not reasonably foreseeable, however Defendant cannot insert its own interpretation of the parties' agreement in lieu of the Court's prior decisions on this issue.  Plaintiff's objections set forth in footnotes 1, 4 and 9 of the parties' proposed

Joint Final Pretrial Order will be sustained.

### 2. <u>Footnote No. 2, Page 13</u>

Next, Plaintiff objects to Defendant arguing to the jury that AK "viewed the 38 Employees as pawns in its plan to enrich itself, [and] has never articulated any legitimate business purpose for its objection to BMW NA's offering employment to the 38 Employees."  Plaintiff argues Defendant is precluded from making this argument to the jury because the Court has previously rejected Defendant's argument that Plaintiff acted in bad faith by unreasonably withholding authorization for BMW to hire Plaintiff's workforce.  Specifically, this Court has concluded that Defendant never sought authorization to hire Plaintiff's workforce, therefore Auto Konnect "could not have denied authorization in bad faith when authorization was never sought."  ECF No. 160, PageID.5644.

Here, the Court has precluded Defendant from arguing that Plaintiff acted in bad faith by withholding authorization because BMW never sought authorization from Plaintiff.  Defendant's most recent iteration of its argument concerning Plaintiff's purported bad faith will likewise be precluded from admission at trial.  Plaintiff's objection is sustained.

### 3. <u>Footnote No. 3, Page 14</u>

Plaintiff further objects to BMW presenting testimony from AK's owners that

they "are making the same amount of money now selling accessories as they previously did staffing BMW NA's ASM and RPT programs."  Plaintiff asserts the Court has already ruled that evidence of profits from Plaintiff's non-field force business is irrelevant to the damages calculations.  *See* ECF No. 160, PageID.5647. Specifically, the Court held "[t]estimony from Plaintiff's owner that selling a part is easier than running a field force program is marginally relevant to the issues before the jury." *Id.*   The Court further held "the numerical profits of the non-field force divisions and the owner's distributions arising therefrom are not relevant to damages calculations[.]"   *Id.*   As such, Defendant misconstrues the Court's decision and Defendant is precluded from making this argument to the jury.  Plaintiff's objection is sustained.

### 4.  Footnote No. 5, Page 22 and Footnote No. 10, Page 27

Next, Plaintiff asserts that Defendant has included an improper "disputed issue of fact," which was resolved in Plaintiff's favor.  Specifically, Auto Konnect argues the Court has already determined that Plaintiff can claim a breach of the implied covenant of good faith and fair dealing because it is not duplicative of Plaintiff's breach of contract claim.  BMW counters that the Court did not address whether Auto Konnect may assert a claim for the breach of the implied covenant of good faith and fair dealing where it is duplicative of its breach of contract claim.

Here, Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims rely on separate facts. The Plaintiff has alleged that as early as May of 2018, BMW NA began suggesting to the Plaintiff it intended to not only renew the SPAs, but also extend the RPT program requiring Plaintiff's efforts to be focused on this request, rather than search for other field force opportunities for its employees once the SPAs expired. These allegations are separate from the Defendant's breach in hiring the entire field force prior to expiration of the parties' agreement.  Plaintiff's objection is sustained.

### 5. Footnote No. 6, Page 24

Next, Plaintiff objects to Defendant's inclusion of the "disputed issue of fact" concerning whether Auto Konnect can collect hypothetical replacement costs as damages under Section 12 when it incurred no actual replacement costs.  Plaintiff argues this issue has been decided in Auto Konnect's favor by virtue of the Court's order on the parties' motions *in limine*.  Defendant counters that the Court has never opined on whether AK may recover replacement costs it never incurred.

Here, the Court agrees that it has never held AK is entitled to replacement costs it never incurred.  However, the Court has ruled that it will allow Plaintiff to present evidence concerning the cost to rebuild the business from scratch in order to rebut Defendant's failure to mitigate defense.  This objection will be sustained.

### 6.  Footnote No. 7, Page 24

Plaintiff also objects to BMW NA's proposed "disputed issue of fact" wherein BMW NA argues the jury must decide whether "Auto Konnect's failure to obtain non-compete agreements from its employees, or to give them notice of its intent to restrict their employment, bar[s] it from any recovery in this case[.]" Auto Konnect argues this is a legal argument that has already been resolved in Plaintiff's favor when the Court denied Defendant's Motion *in Limine* regarding damages.  BMW NA counters that the Court has not ruled that AK may recover replacement costs it never incurred.  BMW NA further argues that this issue goes to Plaintiff's breach of the covenant of good faith and fair dealing claim.

Here, the Court agrees that it has never held AK is entitled to replacement costs it never incurred.  However, Defendant's proposed disputed issue of fact is a disguised legal issue.  Defendant has failed to provide any authority that this is a proper factual issue to be heard by the jury.  The Court will sustain Plaintiff's objection.

### 7.  Footnote No. 8, Page 25

Plaintiff further complains that Defendant has included another "disputed issue of fact" that has already been resolved in Plaintiff's favor.  Specifically, Plaintiff argues the Court has already concluded that Plaintiff is entitled to lost profits stemming from the Defendant's breach of the SPAs.  Plaintiff is correct.  *See* ECF No.

160, PageID.5647. As such, Plaintiff is entitled to lost profits. However, the Court's ruling was that the amount of the lost profits is a question of fact for the jury. Therefore, BMW is permitted to argue to the jury that Plaintiff's claimed lost profits damages are too speculative. Plaintiff's objection is overruled.

### 8. Footnote No. 11, Page 27

Plaintiff also objects to BMW NA's proposed disputed issue of fact concerning whether Plaintiff may avail itself to "tort-like" remedies when no tort claim is pled in this case. Plaintiff argues the pursuit of tort-like remedies is explicitly permitted remedy for Auto Konnect's breach of the implied covenant of good faith and fair dealing claim.

This objection is overruled. Plaintiff's argument that it is entitled to tort like remedies on its breach of the implied covenant of good faith and fair dealing claim is not well supported. The case Plaintiff relies upon awarded a tort like remedy because the claim arose from an insurer's breach of its fiduciary duty to the insured. *See Pickett v. Lloyds*, 252 N.J. Super. 477, 489, 600 A.2d 148, 155 (N.J. Sup. Div. 1991)("We conclude that first part recovery in tort may be appropriate where an insurer has breached its duty of fair dealing."). *Pickett* also held that tort like remedies are not available for other contract-based claims for breach of the implied covenant of good faith and fair dealing. *Id*. at 488.

### 9.  Footnote No. 12, Page 29

Next, Plaintiff objects to BMW NA's proposed issues of law to be litigated, arguing BMW NA's issues numbered one through six have already been resolved in Plaintiff's favor by the Court's decision regarding damages.  The Defendant's proposed issues include:  (1)  Is Auto Konnect entitled to recover replacement costs it did not actually incur, (2) Are Auto Konnect's purported lost profits too remote and speculative to be recoverable, (3)  Can Auto Konnect make a claim for breach of the covenant of good faith and fair dealing that is duplicative of its breach of contract claim, (4)   Is Auto Konnect entitled to damages that would put it in a better position than it would have been in had the contract been performed as Auto Konnect claims, (5)  Is Auto Konnect entitled to recover damages that are punitive and not designed to compensate Auto Konnect for an actual loss, (6)   Can Auto Konnect recover disgorgement damages from BMW NA when those damages are not authorized by law and are not designed to compensate Auto Konnect for any actual loss incurred.

Based on the Court's prior conclusions, objection (1) is sustained; objection (2) is overruled; objection (3) is sustained; objection (4) is overruled; and objection (5) is overruled.  Objection (6) is sustained because this is an issue for the Court as more fully described in section II, B.

### 10.  Footnote No. 13, Page 29

Plaintiff also objects to BMW NA's proposed issue of law to be litigated concerning whether Plaintiff can recover damages for an alleged breach of the covenant of good faith and fair dealing when it was not harmed by the conduct it claims constitutes a breach. Plaintiff argues this issue was already decided in its favor when the Court ruled on the parties' cross motions for summary judgment. BMW NA counters that this issue has never been resolved by the Court.

This objection is also sustained.

### 11.  Footnote No. 14, Page 29

Next, Plaintiff complains that BMW NA's proposed issue of law to be litigated is really an issue of fact. Specifically, BMW NA argues that the proposed issue of law to be litigated is whether Auto Konnect can recover damages that were not reasonably foreseeable by both parties at the time the SPAs were signed. Plaintiff argues the proper question is whether Plaintiff's claimed lost profits were reasonably foreseeable, not whether consequential damages are limited to those that were foreseeable at the time the contract was made.

Here, Defendant's proposed issue is a correct statement of the law. Plaintiff's alternative suggestions are likewise correct statements of the law on this issue. Accordingly, Plaintiff's objection is overruled.

## B.  DEFENDANT'S MOTION TO BIFURCATE

A district court may bifurcate a trial pursuant to Fed. R. Civ. P. 42(b) which provides:

> Separate Trials: For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42.  Rule 42 "confers broad discretion upon the district court to bifurcate a trial." *Ioane v. Spjute*, No. 1:07-CV-0620 AWI EPG, 2016 WL 3916966, at *1 (E.D. Cal. July 19, 2016).  Fed. Rule Civ. P. 42 "permits the separation of claims or issues for trial if certain conditions are met. First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment*." Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (citing *DeWitt, Porter, Huggett, Schumacher & Morgan v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir.1993)); *see also Angelo v. Armstrong World Industries*, 11 F.3d 957, 964 (10th Cir.1993).

˘10˘

Defendant moves to bifurcate the trial and hold a bench trial on Plaintiff's claim for disgorgement damages arguing disgorgement damages are an equitable remedy and not for the jury's determination. Plaintiff counters that this Court has already determined disgorgement is a legal remedy as opposed to equitable.

Here, the Court has never definitively concluded whether Plaintiff's request for disgorgement damages is an equitable remedy or legal remedy, rather the Court has only determined that Plaintiff has a right to these damages if it can prove it has no adequate remedy at law.  Plaintiff has failed to provide the Court with any case wherein a jury was permitted to resolve disgorgement damages.  *Oscar Barnett Foundry Co. v. Crowe*, 86 A. 915, 916 (N.J. 1912) and  *Y.J.D. Rest. Supply Co. v. Dib.*, 413 N.Y.S.2d 835, 837 (N.Y. Supp. Ct. 1979 ) are not jury cases, rather in both cases the court invoked its equity powers to fashion disgorgement to compensate the plaintiff where the legal remedy was inadequate to protect the plaintiff's rights.

The cases relied on by Auto Konnect to support its contention that disgorgement is a jury question do not involve disgorgement.  *See  Sivolella v. AXA Equitable Funds Mgmt., LLC*, No. CIV.A. 11-4194 PGS, 2013 WL 4096239, at *1 (D.N.J. July 3, 2013).  The *Sivolella* court awarded plaintiff restitution for excessive management fees it paid to Defendant.  In *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708, 709, 151 L. Ed. 2d 635 (2002), no

disgorgement was granted.  Instead, the Court required restitution for proceeds the defendants collected on tort claims they failed to pay to their insurance provider in violation of their fiduciary duty. In *New Jersey Dep't of Env't Prot. v. Amerada Hess Corp*., No. CV 15-6468(FLW), 2018 WL 2317534, at *1 (D.N.J. May 22, 2018), the plaintiff was awarded future environmental cleanup costs, not defendant's profits and not disgorgement, under the New Jersey Spill Compensation and Control Act.

Additionally, Plaintiff's argument that BMW NA's profits are relevant to the implied covenant of good faith and fair dealing claim is not well taken.  If Plaintiff is able to establish that BMW NA acted in bad faith conduct separate and apart from its hiring of the entire field force, Plaintiff is entitled to compensatory and lost profits on this claim.  *See Sons of Thunder, Inc. v. Borden, Inc*., 148 N.J. 396, 425 (1997)(awarding plaintiff lost profits on breach of implied covenant of good faith and fair dealing claim).

Plaintiff confuses its theories on damages when it argues that BMW NA's profits are evidence of its consequential damages.  Disgorgement is an equitable remedy that looks to the defendant's gains for recovery. Consequential damages look to the plaintiff's injury or economic loss to determine an appropriate damages award. *Seaman v. U. S. Steel Corp*., 166 N.J. Super. 467, 471, 400 A.2d 90, 93 (App. Div. 1979). BMW NA's supposed profits are irrelevant to the question of whether Auto

Konnect suffered consequential damages.

Here, the separation of the trial into the legal claims the jury may decide and the equitable claims only the Court may decide can be done expeditiously and without delay. There is no prejudice to Auto Konnect in allowing the court to limit evidence presented to the jury to the evidence that supports Auto Konnect's legal remedies. "Because legal and equitable issues are committed to different factfinders, 'it is common and appropriate to hold separate jury and bench trials on the different issues.'" *Illinois Tool Works, Inc. v. MOC Prod. Co*., 946 F. Supp. 2d 1042, 1044 (S.D. Cal. 2012) (*citing Peter S. Menell Et Al*., Patent Case Management Judicial Guide 8–4 (2009). "Separate trials are particularly appropriate where the equitable issues involve facts that are irrelevant or marginally relevant to the liability issues to be decided by the jury, or which may prejudice a party's case on infringement or validity." *Id*. Furthermore, allowing the jury to hear evidence supporting Auto Konnect's equitable damages claim is likely to confuse the jury on the issue of how to calculate damages. Under these circumstances, bifurcation of the trial to allow this Court to hear evidence on Auto Konnect's equitable disgorgement remedy is appropriate under Rule 42.

### C. PLAINTIFF'S MOTION TO PRECLUDE SEXUAL HARASSMENT ALLEGATIONS AS IMPEACHMENT EVIDENCE

Plaintiff intends to offer testimony from a former employee of BMW NA,

Patrick Cupillari, concerning BMW NA's relationship with Auto Konnect, the profits BMW NA obtained from Plaintiff's programs and Plaintiff's bid for field force business with Mr. Cupillari's current employer, Jaguar Land Rover. Plaintiff argues evidence of sexual harassment allegations against Mr. Cupillari as impeachment evidence or for any other purpose is more prejudicial than probative under Rule 403 of the Federal Rules of Evidence. Plaintiff further argues that this evidence is impermissible under Rule 608(b) because it is not relevant to the witness's character for truthfulness. Finally, Plaintiff has not produced any documents related to the sexual harassment complaint or mentioned these allegations in any other place during discovery.

Defendant counters that Plaintiff cannot preclude evidence that Mr. Cupillari was terminated from BMW NA for misconduct, including for allegations of sexual harassment. BMW argues the reasons why Mr. Cupillari was terminated goes to bias which is highly probative and relevant in this case. BMW NA seeks to establish Mr. Cupillari harbors animosity toward BMW NA and that, as a result, his testimony is not truthful regarding the profitability of BMW NA's ASM program for BMW NA.

The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. *Ind. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D.

Ohio 2004) (citing *Johasson v. Lutheran Child & Family Servs.*, 115 F.3d 436,

440 (7th Cir. 1997)). A court should exclude evidence on a motion *in limine* only

when that evidence is determined to be clearly inadmissible on all potential

grounds. *Id.* When a court is unable to determine whether or not certain evidence

is clearly inadmissible, evidentiary rulings should be deferred until trial so that

questions of foundation, relevancy and potential prejudice can be resolved in the

proper context. *Id.* Whether or not to grant a motion *in limine* falls within the

sound discretion of the trial court. *Branham v. Thomas Cooley Law Sch.*, 689 F.3d

558, 560 (6th Cir. 2012).

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of

only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid.

402. Evidence is relevant if it has any tendency to make the existence of a material

fact more or less probable than it would be without the evidence. *See* Fed. R. Evid.

401. Under Rule 403, relevant evidence may be excluded "if its probative value is

substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence." Fed. R. Evid. 403.

Here, evidence that Mr. Cupillari was terminated for misconduct is relevant to

determining whether he has bias against the Defendant that might lead him "to slant,

unconsciously or otherwise, his testimony in favor of or against" the Defendant. *United States v. Abel*, 469 U.S. 45, 52 (1984). Plaintiff's cited authority is unhelpful because that case concerned whether evidence that the plaintiff's subsequent employers deemed the plaintiff a poor worker could be used to demonstrate propensity to justify the defendant's termination of the plaintiff. *See Haydar v. Amazon Corp., LLC*, No. 2:16-cv-13662, 2019 U.S. Dist. LEXIS 110956, *17-23 (E.D. Mich. Jul. 3, 2019). Thus, the evidence in *Haydar* was not being introduced to show bias or to impeach the plaintiff's credibility, as BMW NA intends to do in this case. Moreover, the *Haidar* court acknowledged that it might allow the defendant employer to inquire into other stressors that may have adversely impacted the plaintiff's emotional state "at a high level of generality[,]" if the plaintiff testified his emotional injuries lingered past termination from his subsequent employers.

Based on the above considerations, the Court will deny Plaintiff's motion without prejudice. At this juncture, the Court finds this evidence appears to be relevant to Mr. Culpillari's potential bias towards BMW NA stemming from his termination from employment. However, without more specificity, the Court cannot evaluate to what extent the Defendant may inquire into the sexual harassment allegations. As such, the Court denies Plaintiff's motion without prejudice and it will revisit this issue at the time of Mr. Culpillari's testimony.

### D. JOINT MOTION TO OBTAIN A COURT REPORTER WITH REALTIME CERTIFICATION FOR TRIAL

Finally, the parties have filed a Joint Motion to Obtain a Court Reporter with Realtime Certification.  The Court will deny this request.  The undersigned's Court Reporter is not real time certified.  The parties have failed to explain the necessity of real time transcription in this non-complex case.  The undersigned's Court Reporter is certified to prepare daily transcripts during the trial in this matter.  Moreover, the Judicial Conference has not determined that real time reporting is a requirement in all court proceedings.  *See* Guide to Judiciary Policy, Chap. 2, § 290.30.45.  As such, the Court denies the request for a court reporter with real time certification for trial.

## III. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Bifurcate Trial [#176] is GRANTED.

Plaintiff's Motion *in Limine* to Preclude Sexual Harassment Allegations as Impeachment Evidence [#178] is DENIED WITHOUT PREJUDICE.

The parties Joint Motion to Obtain a Court Reporter with Realtime Certification for Trial [#193] is DENIED.

Plaintiff and Defendant shall submit a revised Joint Final Pretrial Order consistent with this Order no later than May 31, 2022.

SO ORDERED.

Dated:  May 27, 2022                               /s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2022, by electronic and/or ordinary mail.
                     /s/ Teresa McGovern
                        Case Manager